# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINITY SELECT INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CRESENCIO CAMPOS, JOSE ULISES CAMPOS AKA JOSE ULISES CAMPOS LOPEZ, SIERRA NEVADA LABOR, INC., OSCAR A. ACEVES, MARTHA B. MACIEL, ANGELICA M. GUTIERREZ, MARIA N. HARO, JOSE DE JESUS ACEVES, MARIA G. ACEVES, PROSPERO O. ACEVES, JOSE LUIS ACEVES, AND DOES 1-30,<br><br>Defendants. | Case No.: 1:24-CV-00803 JLT SKO<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF INFINITY SELECT INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT |

This is a declaratory judgment action regarding coverage under a commercial automobile insurance policy. Plaintiff Infinity Select Insurance Company ("Infinity") filed this action seeking a ruling that it has no duty to defend or indemnify defendants Cresencio Campos ("Mr. Campos"), Jose Ulises Campos aka Jose Ulises Campos Lopez ("Jose") and Sierra Nevada Labor, Inc. ("Sierra Nevada Labor") (collectively "the Campos defendants") in an underlying wrongful death action entitled *Aceves, et al. v. Sierra Nevada Labor, Inc., et al.,* Tulare County

1   Superior Court Case No. VCU302372 ("the underlying action") filed by defendants Oscar A.
2   Aceves, Martha B. Maciel, Angelica M. Gutierrez, Maria N. Haro, Jose de Jesus Aceves, Maria
3   G. Aceves, Prospero O. Aceves and Jose Luis Aceves (collectively "the Aceves claimants").
4   The Aceves claimants are the heirs of decedent Maria Consuelo Aceves ("Mrs. Aceves"), who
5   died after she was struck by a vehicle owned by Mr. Campos and driven by Mr. Campos' son,
6   Jose.  The Aceves claimants have previously stipulated to be bound by any judgment between
7   Infinity and the Campos defendants in this declaratory judgment action (see Doc. 19), and thus
8   the Aceves claimants are not participating in the present action.  The only parties participating in
9   this action are Infinity and the Campos defendants.
10        Infinity has moved for summary judgment on the grounds that the commercial auto
11  policy it issued to Mr. Campos specifically excludes coverage for any accident that occurs while
12  Mr. Campos' son Jose is driving an insured auto, and thus Infinity has no duty to defend or
13  indemnify the Campos defendants in the underlying action.  (*See* Doc. 28.)  Pursuant to Local
14  Rule 230(c), the Campos defendants have filed a notice stating they do not oppose Infinity's
15  motion.  (*See* Doc. 29.)  Summary judgment is appropriate when the pleadings, affidavits, and
16  other supporting papers demonstrate that there are no genuine issues of material fact, and that the
17  moving party is entitled to prevail as a matter of law.  *See* Fed. R. Civ .P. 56(c); *Celotex Corp. v.*
18  *Catrett,* 477 U.S. 317, 322 (1986).
19        The Court, having reviewed the filings in this action and the applicable law, will grant
20  Infinity's motion for summary judgment for the reasons stated in Infinity's moving papers.  The
21  undisputed evidence shows that when Mr. Campos applied for the Infinity policy, Mr. Campos
22  signed a statutorily-authorized endorsement by which Mr. Campos agreed that the Infinity policy
23  would exclude coverage for any loss involving vehicles operated by certain designated persons,
24  including his son, Jose.  Here, Mr. Campos' son Jose, a specifically excluded driver, was
25  operating Mr. Campos' truck when Jose was involved in the accident that resulted in Mrs.
26  Aceves' death.  Because the accident occurred while Jose, an excluded driver, was driving Mr.
27  Campos' truck, the Infinity policy does not potentially cover any liability the Campos defendants
28  might have to the Aceves claimants in the underlying action.  *See* Cal. Ins. Code § 11580.1(d)(1);

1  *Associated Indem. Corp. v. King,* 33 Cal. App. 3d 470, 473-474 (1973; *Yamasaki v. Mercury
2  Casualty Ins. Co.,* 11 Cal. App. 4th 830, 833-834 (1992); *Allstate Ins. Co. v. Superior Court,* 190
3  Cal. App. 3d 242, 246 (1987).

4      In short, the Infinity policy clearly and unambiguously excludes coverage for any
5  accident that occurs while Mr. Campos' son Jose is driving an insured auto.  Because the
6  excluded driver endorsement applies in this case, Infinity is entitled to summary judgment that it
7  has no duty to defend or indemnify the Campos defendants in the underlying action.

8      The Clerk of the Court is therefore directed to enter a judgment declaring that plaintiff
9  Infinity Select Insurance Company has no duty to either defend or indemnify defendants
10 Cresencio Campos, Jose Ulises Campos aka Jose Ulises Campos Lopez or Sierra Nevada Labor,
11 Inc. in the underlying action entitled *Aceves, et al. v. Sierra Nevada Labor, Inc., et al.,* Tulare
12 County Superior Court Case No. VCU302372.  The Clerk is further directed to close this case.

14 IT IS SO ORDERED.

15   Dated: __**December 20, 2025**__                     */s/ Jennifer L. Thurston*
16                                                          UNITED STATES DISTRICT JUDGE